**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**NOEL BROWN,**                                :        **CIVIL ACTION NO. 4:19-1230**
                          **Petitioner**

                                               :                 **(Judge Mannion)**
                          **v.**

                                               :

**COMMONWEALTH OF**
**PENNSYLVANIA,** *et al.*,                    :

                          **Respondents**      :


**M E M O R A N D U M[1]**


Pending before the court is Magistrate Judge William I. Arbuckle's Report

and Recommendation ("R&R") suggesting the denial of Petitioner Noel Brown's 28

U.S.C. §2254 petition for a writ of habeas corpus. The petition challenges Brown's

("Petitioner") November 2016 criminal conviction in the Wayne County Court of

Common Pleas. Petitioner has filed objections to the R&R. For the reasons that

follow, we find that R&R will be **ADOPTED.**

---

[1] This matter has been reassigned to the undersigned following the passing of
our colleague, the Honorable James M. Munley, in March of this year.

## I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Pennsylvania Superior Court described the background of this case in

an October 2017 opinion affirming Petitioner's conviction as follows:

> The record reveals that on June 29, 2016, A.C., the fifteen-year-old victim in this case, was reported as a runaway. Affidavit of Probable Cause, 7/7/16, at 1. A.C. had answered an online advertisement seeking escorts and strippers. *Id.* On that day, A.C. left her mother's house with Appellant. *Id.* By tracking A.C.'s cellular telephone, Pennsylvania State Police were able to locate A.C. at a local motel. *Id.* When the police arrived, they noticed that A.C. appeared intoxicated; A.C. stated that Appellant had given her vodka. *Id.* The troopers transported A.C. to the State Police barracks and questioned her regarding the events of the prior evening. *Id.* A.C. told the troopers that she had answered an online advertisement for escorts, and Appellant picked her up and drove her to the motel. *Id.* At the motel, Appellant provided A.C. with liquor, and A.C. fell asleep. *Id.* Police discovered that after A.C. fell asleep, Appellant undressed A.C., exposed her breasts, took a photograph of the minor's breasts, and placed the photograph online in an effort to utilize A.C. as a prostitute. *Id.* Police also recovered a document signed by A.C. wherein she agreed to work for Appellant, and Appellant would act as her pimp. *Id.*
>
> Police arrested Appellant and charged him with numerous crimes in connection with the aforementioned events. At the preliminary hearing before a magisterial district judge, there was a colloquy consistent with *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998), and a thorough discussion of the factors outlined in Pa.R.Crim.P. 121(A)(2) concerning pro se representation. N.T., 7/18/16, at 8. At the subsequent hearing on pretrial motions, Appellant informed the trial court that he remained steadfast in his desire to represent himself. N.T., 10/3/16, at 4. The trial court questioned Appellant, urged him to retain counsel, and informed Appellant that the court would appoint counsel. *Id.* Appellant reiterated that he would not accept counsel and would represent himself. *Id.* The trial court ultimately permitted Appellant to proceed pro se, but the trial court appointed standby counsel. *Id.* Following a jury trial, Appellant was found guilty of interference with custody of children, dissemination

2

of photos of child sex acts, corruption of minors, furnishing liquor to minors, and trafficking in minors.

On February 3, 2017, the trial court sentenced Appellant to an aggregate term of 180 to 384 months of incarceration. Appellant filed post-sentence motions that were denied, and on February 9, 2017, Appellant filed a timely appeal. Throughout the proceedings Appellant remained pro se.

Commonwealth v. Brown, No. 649 EDA 2017, 2017 WL 4772761, at *1-2 (Pa. Super. Ct. Oct. 23, 2017) (internal footnotes omitted).

## II. STANDARD OF REVIEW

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. §636(b)(1)(c); *see also Sullivan v. Cuyler*, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Henderson v. Carlson*, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

For portions of the R&R which are not objected to, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept

the recommendation"); *see also* 28 U.S.C. §636(b)(1); *Sullivan v. Cuyler*, 723 F.2d 1077, 1085 (3d Cir. 1983).

Here, the R&R addresses a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254. Section 2254 provides as follows:

> (a) The Supreme Court, a Justice thereof, a circuit court judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State;
>  . . .
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the court of the state.

28 U.S.C. §2254.

Thus substantive and procedural requirements are provided by §2254. Specifically, the Petitioner must allege he is in custody in violation of the Constitution or laws of the United States, and he must have exhausted his State court remedies. *Id.* Bearing these standards in mind, we now turn to the R&R and objections thereto.

## III. Discussion

Before addressing the merits of the petition, it is important to determine whether the Petitioner has exhausted his state court remedies. 28 U.S.C. §2254(b)(1). The R&R points out that the Respondent concedes that the Petitioner has fully exhausted his claims. (*See* Doc. 17 at ¶ 5). None of the state appellate courts, however, addressed the merits of the Petitioner's claims. For example, the Superior Court concluded that Petitioner's direct appeal flings consisted of "a nonsensical invective on the proceedings in the trial court." *Commonwealth v. Brown*, No. 649 EDA 2017, 2017 WL 4772761 at *2 (Pa. Super. Ct. Oct. 23, 2017). The court dismissed the appeal "[d]ue to the overwhelming deficiencies in Appellant's brief, we conclude that Appellant has waived his issues on appeal." *Id.* Petitioner filed an untimely appeal to the Pennsylvania Supreme Court, and the court did not grant him leave to file it *nunc pro tunc.* Thus, the Pennsylvania Supreme Court did not address the merits of his claims either. (Doc. 17-8).

Petitioner then filed a motion under the Pennsylvania Post Conviction Relief Act ("PCRA") which the trial court denied. (Doc. 17-10, 17-11). Upon appeal, the Pennsylvania Superior Court found that Petitioner had failed to comply with numerous appellate procedural rules and that he "failed to develop any issue in any meaningful fashion capable of review. Accordingly, we dismiss this appeal."

*Commonwealth v.* Brown, No. 2388 EDA 2019, 2020 WL 1461011 at *3 (Mar. 24, 2020).

Thus, instead of addressing the merits, the appellate courts dismissed his appeals on procedural grounds. Where the state court fails to address the merits a Petitioner's claims due to the Petitioner's failure to follow a procedural rule, the claims are considered procedurally defaulted. Under the rules of procedural default "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Federal review of procedurally defaulted claims "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v.* Thompson, 501 U.S. 722, 750 (1991). Here, Petitioner has not presented any excuse or justification for his failure to follow the state procedural rules and thus he has not established cause. Additionally, as pointed out by the R&R, none of the issues Petitioner raises has merit, thus he has not established prejudice. The Petitioner also has not established a fundamental miscarriage of justice.

The R&R breaks the petition down into four issues: 1) Jurisdiction and Venue; 2) Eighth Amendment - Cruel and Unusual Punishment; 3) Ineffective

Assistance of Counsel; and 4) Composition of the Jury/ Due Process. The R&R finds no merits to any of the issues raised, and the petitioner objects. We will address each issue separately.

### A. Jurisdiction and Venue

The petitioner challenges the jurisdiction and venue of his criminal case which was tried in the Wayne County Pennsylvania Court of Common Pleas. The R&R properly explains that the courts of common pleas have original subject matter jurisdiction over controversies arising from violation of the Pennsylvania Crimes Code. *See Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003). Further, the court had personal jurisdiction over the Petitioner as he was domiciled in the Commonwealth. 42 PA. CONS. ST. §5301 (providing for personal jurisdiction in the Pennsylvania courts for those domiciled in the Commonwealth). These conclusions are correct, and they will be adopted.

With regard to venue, the R&R indicates that venue is properly brought in the county where the crime occurred. But where a series of criminal acts occur in two counties as part of the same criminal episode, venue is proper in either county. PA. R. CRIM. P. 130(A)(3) and PA. R. CRIM. P. 555; 42 PA. CONS. STAT. §5106. This summary of the law is accurate and will be adopted.

The R&R applies the law to petitioner's case in the following manner: Petitioner was arrested in Monroe County, where criminal activity occurred with

the victim. He was tried, however, in Wayne County. The R&R indicates that this county is an appropriate venue because it is where he met the victim before driving her to Monroe County. Petitioner "STRONGLY OBJECTS" to this as "speculation/opinion without any evidence." (Doc. 27, Objections at 4). The trial transcript, however, supports the R&R's analysis. According to the transcript, the minor victim lived in Honesdale, Wayne County, Pennsylvania, and petitioner picked her up there after she responded to an online advertisement seeking escorts. He transported her to Monroe County, Tannersville area, where the crimes continued. (Doc. 17-1, Notes of Trial Testimony ("N.T.") Nov. 7, 2016 at 9-13, 16; Doc. 17-3, N.T. Nov. 7, 2016 at 80-83). Petitioner's objection is thus wholly without merit and will be overruled.

### B. Cruel and Unusual Punishment

Next, the R&R addresses the issue of Eighth Amendment Cruel and Unusual Punishment. The R&R points out that the petition does not raise any proper cruel and unusual claims. The Eighth Amendment prohibits a prison official from exhibiting "deliberate indifference" to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Petitioner raises no such issue in the instant case. In his objections to support the Eighth Amendment claim, petitioner mentions such matters as high bail, being shackled with chains prior to trial in view of prospective jurors, witness tampering, the court's ruling on a motion

8

*in limine* and the question of losing most objections at trial to preserve an appeal issue. (Doc. 27, Objections at 6). None of these matters are proper Eighth Amendment issues and the R&R will be adopted on the Eighth Amendment analysis.[2]

### C. Ineffective Assistance of Counsel

The third issue addressed by the R&R is whether the defendant properly alleged ineffective assistance of counsel. Here, petitioner is not entitled to relief on a claim of ineffective assistance of counsel. He proceeded *pro se* at trial and direct appeal. On the appeal of his PCRA motion he was represented for a period time. From his objections, it is apparent that Petitioner complains of his PCRA counsel's ineffectiveness. (Doc. 27, Objections at 7).

To establish ineffectiveness of counsel, the petitioner must establish the following two factors: 1) performance of counsel fell below an objective standard of reasonableness; and 2) that but for counsel's errors, the result of the underlying proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

---

[2] Further, these issues are not fully addressed by the petitioner, they are merely listed. A habeas petition must "specify all the grounds for relief available to the petitioner and state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644,655 (2005) (citing Habeas Corpus Rule 2(c)). Accordingly, raising these issues in the objections is not an appropriate response to the R&R.

The Pennsylvania Superior Court explained petitioner's PCRA counsel's performance as follows:

> On October 25, 2018, Appellant timely filed the instant PCRA petition. Counsel was appointed and, following investigation of Appellant's numerous claims, counsel filed a no-merit letter and motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc). On May 1, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, and granted counsel's motion to withdraw.

*Commonwealth v. Brown*, No. 2388 EDA 2019, 2020 WL 1461011, *2 (Pa. Super. Ct. Mar. 24, 2020).

The instant petition and objections to the R&R fall well below ineffectiveness of counsel standard. Although it is difficult to discern exactly what petitioner is complaining of, it appears that he and his counsel disagreed upon the issues to be presented to the court. Petitioner does not set forth exactly what PCRA counsel's errors were and how he was prejudiced, especially in light of the fact that he ultimately represented himself in his PCRA appeal.

Moreover, The United States Supreme Court has explained that: "There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (internal citations omitted). Accordingly, the objections on this point will be overruled.

10

**D. Jury issues**

The final issue addressed by the R&R involves jury issues. Petitioner complains about the composition of the jury pool and also about the prosecution's use of peremptory challenges during jury selection. The R&R suggests each claim should be denied. We agree and while the petitioner tends to inappropriately blend these two issues into one issue, will address them separately.

### 1. Composition of the jury pool[3]

Petitioner first complains about the composition of the jury pool. He states: "Petitioner is a member of a religious and ethnic group that is capable of being singled out for differential treatment, and members of the petitioners [sic] race were under-represented on the venire from which the petitioner [sic] jury was drawn, and that the venire was selected under a practice providing the opportunity for discrimination." (Doc. 23, 3-4). According to the petitioner, "the jury pool was under represented of African American individuals." (Doc. 27 at 9). Petitioner does concede that one of the potential jurors was non-white to his "best knowledge and visual opinion." (Doc. 27 at 9).

The law provides that:

---

[3] The R&R indicates that the Petitioner has not presented this issue to the state courts. It appears, however, that in Petitioner's supplemental brief in support of PCRA he has raised the issue. (Doc. 17-5 at 12). Regardless, the Court agrees with the conclusion that the claim should be dismissed.

> Under the Sixth Amendment, a criminal defendant is entitled to a trial by an "impartial" jury. One important step in furthering impartiality is to draw jurors from diverse segments of the population. The Supreme Court has declared this method a constitutional guarantee by concluding that the selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial.

 *United States v. Savage*, 970 F.3d 217, 252 (3d Cir. 2020) (internal citations, quotation marks and footnotes omitted).

To establish a violation of his Sixth Amendment right to a jury which represents a fair cross section of the community, a defendant must establish the following:

> (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in jury venires is not "fair and reasonable" in relation to the number of such persons in the community; and (3) the underrepresentation is caused by the "systematic exclusion of the group in the jury selection process." *Duren v.* Missouri, 439 U.S. 357, 364 (1979)

United *States v. Weaver*, 267 F.3d 231, 237 (3d Cir. 2001).

Here, the petitioner has not established these factors. He makes merely general boilerplate allegations. No evidence is provided regarding the relationship of the number of African Americans in the jury venire in relation to the number of such persons in the Wayne County Community. Thus, section 2254 relief is not available on this ground, and his objection to the R&R will be overruled.

## 2. Peremptory challenges

Next, Petitioner complains of the prosecution's use of peremptory challenges. In *Baston v. Kentucky*, 476 U.S. 79 (1986), the United States Supreme

Court held that peremptory strikes in jury selection cannot be made solely on the

basis of race. To establish a *Baston* claim:

> First a defendant must make a prima facie showing that a peremptory
> challenge has been exercised on the basis of race. Second, if that
> showing has been made, the prosecution must offer a race-neutral
> basis for striking the juror in question. Third, in light of the parties'
> submissions, the trial court must determine whether the defendant has
> shown purposeful discrimination.

*Miller-El v. Cockrell*, 537 U.S. 322, 328-29 (2003) (citations omitted).

Petitioner does not identify anyone of his race who was stricken from the jury

peremptorily on the basis of race. He points out that a Latino was removed from

the jury due to the fact that he knew the prosecutor. (Doc. 23 at 4). This assertion

falls well short of establishing that any African American jurors were peremptorily

stricken on the basis of race. Petitioner's *Baston* claim is lacking in merit and the

recommendation that it be denied will be adopted.

## E. Certificate of Appealability

The final issue addressed by the R&R is whether a certificate of appealability

should be granted. The R&R recommends that it should not.

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate

of appealability ("COA"), an appeal may not be taken from a final order in a

proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has

made a substantial showing of the denial of a constitutional right. 28 U.S.C.

§2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of

13

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322 (2003). Here, jurists of reason would not disagree with the Court's resolution of Petitioner's claims. Accordingly, no basis exists for the issuance of a COA.

## IV. CONCLUSION

Based upon the above reasoning, we find that Petitioner's objections to the R&R should be overruled and the R&R should be adopted. Additionally, we will decline to issue a certificate of appealability. An appropriate order follows.

s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 19, 2020**
19-1230-01

14